UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:11-CV-23763-ALTONAGA/SIMONTON

FREDY ROJAS and all others similarly situated )
under 29 U.S.C. 216(B), )
)
        Plaintiff, )
)
        v. )
)
SE INDEPENDENT DELIVERY SERVICES, )
INC. and CHARLIE TIPPING, )
)
        Defendants. )
_____ )

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Fredy Rojas, and Defendants, SE Independent Delivery Services, Inc. and Charlie Tipping, by and through undersigned Counsel, file this Joint Motion for Approval of Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

In the case at hand, Defendants deny any liability whatsoever for the following three reasons: (1) Defendants contend that Plaintiff was not employed by Defendants, but rather

worked for another company as an independent contractor; (2) Defendants further contend that if the Court were to have found that Plaintiff was an employee and not an independent contractor, Defendants were not required to pay Plaintiff overtime wages as they were exempt by virtue of the motor carrier exemption; (3) Furthermore, Defendants contest the overtime hours Plaintiff alleges to have worked on a weekly basis.

Plaintiff and Defendants (collectively, the "Parties") engaged in substantial discovery, and Defendants filed a motion for summary judgment. Prior to Plaintiff filing a summary judgment response and in order to avoid the costs and uncertainty of litigation, the Parties have compromised and negotiated a settlement in this matter. As the attached Settlement Agreement and General Release ("Settlement Agreement") executed by the Parties calls for confidentiality, the Parties contemplated filing the Settlement Agreement under seal or by similar means and also contemplated voiding the Settlement Agreement in the event they were prevented from filing under seal or by similar means. On May 23, 2012, the Court denied the Parties' joint request to submit the Settlement Agreement privately. By filing this Joint Motion, the Parties hereby re-affirm their Settlement Agreement, attached, and the Parties agree to be bound by the terms of the Settlement Agreement despite the inability to submit the Settlement Agreement under seal or by similar means.

It is the Parties contention that in light of the issues in dispute, this is a fair and reasonable settlement and should be approved by this court.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement and (2) dismissing this action with prejudice against all Defendants with the Court to retain jurisdiction to enforce the terms of the settlement agreement.

Respectfully submitted,

| | |
|---|---|
| Date: 5/25/12 | Date: 5/25/12 |
| J.H. Zidell, P.A. | Perlman, Bajandas, Yevoli & Albright P.L. |
| Attorneys For Plaintiff | Attorney for Defendants |
| 300-71ST Street, Suite 605 | 1000 Brickell Avenue, Suite 600 |
| Miami Beach, Florida 33141 | Miami, Florida 33131 |
| Tel: (305) 865-6766 | Tel: (305) 377-0086 |
| Fax: (305) 865-7167 | Fax: (305) 724-0781 |
| By:_/s/ Daniel T. Feld _____ | BY:__/s/_ . Ronald Denman _____ |
| Daniel T. Feld, Esq. | J. Ronald Denman, Esq. |
| Florida Bar No.: 0037013 | Fla. Bar No. 863475 |