## SETTLEMENT AGREEMENT AND GENERAL RELEASE

AGREEMENT between Fredy Rojas ("Rojas"), S E Independent Delivery Services, Inc. ("SEIDS"), and Charlie Tipping ("Tipping").

### RECITALS

A. Rojas contracted with Jose Mago and Smart Road Corp. to perform home delivery of furniture products sold to end-user consumers using the interstate operating authority of SEIDS. Rojas ceased performing delivery services in April, 2011.

B.     On October 18, 2011, Rojas filed a Lawsuit against SEIDS, claiming SEIDS owed Rojas overtime pay under the Fair Labor Standards Act ("FLSA"). The Lawsuit also asserted Tipping was individually liable as the alleged owner of SEIDS.

C.     SEIDS and Tipping denied the allegations contained in the Lawsuit, showing that SEIDS did not employ or pay Rojas, the FLSA did not apply, and Rojas would have been an exempt interstate driver even if the FLSA did apply.

D. Rojas, SEIDS and Tipping now desire to settle fully and finally all differences between them, including resolution of all claims that were or that could have been brought by Rojas against SEIDS and Tipping.

### AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual terms, covenants and conditions hereinafter set forth, the parties agree as follows:

1. **Definitions.**  For the purpose of this Agreement, the following terms and expressions shall have the meanings set forth below:

   1.1 "Releasees" shall include all of the following:

   1.1.1 SEIDS and all of its predecessors, successors, affiliates, joint venturers, parents, and subsidiaries, as well as all of their past present, and future officers, directors, shareholders, owners, agents, attorneys, insurers, investors, representatives, servants, employees, partners, and assigns, and any and all other persons or entities acting under the supervision, direction, control or on behalf of any of the foregoing;

   1.1.2  All customers, vendors, suppliers and entities with which SEIDS contracts, including but not limited to RTG Furniture Corp. and its predecessors, successors, affiliates, parents, and subsidiaries, as well as its officers, directors, shareholders, owners, agents, attorneys, insurers, representatives, employees and assigns;

   1.1.3   Tipping and all of his heirs, executors, administrators, successors, agents, and assigns.

1

1.2 "Lawsuit" shall mean the lawsuit styled Fredy Rojas v. S E Independent Delivery Services, Inc., and Charlie Tipping, an individual, filed in the U.S. District Court for the Southern District of Florida, Case No. 1:11-CV-23763-CMA.

**2. Consideration by SEIDS and Tipping.** As full and final consideration for this Agreement, SEIDS shall pay Rojas the gross sum of Three Thousand Nine Hundred Dollars ($3,900) (the "Settlement Payment"), which is comprised of alleged compensation ($650), liquidated damages ($650), costs ($1,500) and attorney fees ($1,100). Rojas acknowledges the adequacy of this Settlement Payment as consideration in full. The Settlement Payment will be paid in two checks: one made payable to Rojas in the amount of $1,300, and one made payable to J.H. Zidell P.A. in the amount of $1,300. No taxes will be withheld from either check, and the amounts will be reported on an IRS Form 1099. The Settlement Payment will be due within seven days of the Court's approval of the Agreement as set forth in Paragraph Four, below.

**3. General Release by Rojas.** In consideration of the promises set forth in this Agreement, Rojas hereby irrevocably and unconditionally releases, acquits, and forever discharges SEIDS, Tipping, and the other Releasees, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs actually incurred), of any nature whatsoever, known or unknown, in law or equity, including but not limited to all claims contained in the Lawsuit and all claims arising out of any alleged relationship between SEIDS and Rojas, the termination of the relationship, and the performance of any delivery services under the interstate operating authority of SEIDS. This release includes, without limitation of the foregoing general terms, all claims that could be asserted against SEIDS, Tipping or the other Releasees alleging a violation by any of the Releasees of any federal, state, or local statutes, ordinances, or common law (including without limitation the FLSA and 42 U.S.C. §1981), as well as any other claims based on constitutional, statutory, common law, or regulatory grounds, as well as any claims based on theories of intentional and/or negligent inflictions of emotional distress, defamation, promissory estoppel, negligent misrepresentation, tortious interference with a business relationship, retaliation, discrimination, wrongful or constructive termination, breach of contract or implied covenant, fraud, unfair or deceptive trade practice, or misrepresentation, which Rojas now has, owns, or holds, or claims to have, own, or hold, or which Rojas had, owned, or held, or claimed to own at any time before execution of this Agreement, against any or all of the Releasees. The only exception to this general release of all claims involves the workers compensation claim, Case No. 11-012915SLR (the "Workers Compensation Claim"), Rojas asserted against SEIDS, which remains pending.

**4. Dismissal of the Lawsuit.** As further consideration for this Agreement, Rojas agrees to take all steps necessary to dismiss the Lawsuit, with prejudice. In doing so, Rojas agrees to submit the Agreement to the Court under seal or by similar private means for approval and the valid release of his FLSA claims. Because confidentiality is indispensable to this Agreement, the parties agree that the Agreement will be void and of no effect if the Court refuses to accept submission under seal or by similar private means.

2       *F. R.*

**5. Independent Contractor Status.** SEIDS has contended throughout that Rojas' only connection to SEIDS involved Rojas' contract with an independent contractor who, in turn, entered into a contract with SEIDS as an independent contractor. In order to resolve this dispute and after taking into account the facts learned through the discovery process, Rojas has decided to resolve the matter because he believes the Court would likely have found that Rojas' was not an employee of SEIDS or Tipping. SEIDS intends, by its actions pursuant to this Agreement, merely to avoid the expense, delay, uncertainty and burden of litigation.

**6. Disclaimer of Liability.** Nothing in this Agreement shall constitute or be construed as an admission of liability or wrongdoing by SEIDS, Tipping or any of the other Releasees. SEIDS, Tipping and the other Releasees expressly deny that they have done anything wrong or unlawful.

**7. Confidentiality and Non-Disparagement.** Rojas covenants and agrees that he will keep confidential and will not repeat or disclose any of the terms or conditions of this Agreement, or the negotiations which resulted in this Agreement, or any of the facts relating to the claims covered by this Agreement, except to Rojas' legal counsel, financial advisors, and tax authorities or for the limited purpose of enforcement of this Agreement. In the event Rojas violates this confidentiality provision, the parties agree that actual damages will be unquantifiable, and SEIDS and Tipping will therefore be entitled to liquidated damages in the amount of $900 for each breach up to and including a maximum total equal to the Settlement Payment. Rojas also agrees that he will refrain from making any disparaging or critical comments regarding the Releasees.

**8. Acknowledgment by Rojas.** Rojas acknowledges and agrees that the consideration provided by SEIDS represents a benefit to which he otherwise would not be entitled but for his entry into this Agreement. Rojas also acknowledges and agrees that, aside from the disputed Workers Compensation Claim, he is not entitled to any additional payments from SEIDS, Tipping or any of the other Releasees for any performance of services or any claims relating to the parties' relationship. Rojas certifies, acknowledges, and agrees that he has been afforded and received all rights and entitlements due him under the terms of the parties' relationship as of the date of this Agreement, and at all times before, and that he has suffered no harm, injury, damages, or losses compensable under the relationship or any statute; nor does he have a legal claim, demand, cause of action, or right of recovery under any federal, state, or local constitution, statute, regulation or ordinance as of the date of this Agreement. Although this general release does not prohibit Rojas from filing charges against the Releasees with any governmental agency, Rojas, where permitted by law, expressly waives his right to personally recover any money from the Releasees as a result of any such filings by him or any other person.

**9. Enforcement.** In the event that Rojas is required by law or court order to disclose, publicize, or to permit, authorize or instigate the disclosure of this Agreement for any purpose other than in connection with filing his tax return, in whole or in part,

3  

Rojas agrees, unless made impossible by law or the court, to notify SEIDS in writing at least seven (7) business days prior to the disclosure in order to provide SEIDS with the opportunity to object to such disclosure. Such written notification shall be sent via overnight mail and by facsimile to A. Jack Finklea, 10 West Market Street, Suite 1500, Indianapolis, IN 46204. Rojas agrees to cooperate fully with SEIDS or any Releasee should SEIDS or any Releasee decide to object to the disclosure of the terms of this Agreement and/or the amount of the Settlement Payment.

    **10. No Further Attempts to Contract with SEIDS.**  Rojas agrees that he will not seek to contract as a driver with, nor shall he be entitled to any contractual driving relationship with SEIDS or any other Releasees at any time after execution of this Agreement. Likewise, Rojas agrees that he will not otherwise seek to perform delivery services using the interstate operating authority of SEIDS, nor shall Rojas be entitled to perform any such services.

    **11. Remedies for Breach.**  Should any party prevail in any action brought against the other to enforce the terms of this Agreement, or to recover damages for breach of this Agreement, the prevailing party shall be entitled to recover from the other its reasonable attorneys' fees incurred in the action, along with costs, and damages.  This remedy is above and beyond express remedies referenced elsewhere in this Agreement.

    **12. Integration.**  This written Agreement contains the entire agreement of the parties as to the subject matter covered herein.  This Agreement may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought.  Rojas acknowledges that he has not relied upon any representations or promises except as set forth herein and has not relied upon SEIDS, Tipping or their counsel for any advice on or interpretation of the legal or tax implications of this Agreement. By signing below, the parties acknowledge receipt of a copy of this Agreement.

    **13. Severability.**  Should any clause of this Agreement be found void by a court of law, that fact shall not impair the remainder of this Agreement.

    **14. Governing Law.**  This Agreement shall be interpreted and enforced in accordance with the laws of the State of Florida.

    **15. Construction of Agreement.**  The parties confirm that this Agreement is the result of negotiation and compromise, that in interpreting this Agreement neither party shall be considered to be the drafter of the document, and that the language should not be strictly construed against either party. Instead, the language should be interpreted in a manner consistent with the ordinary and reasonable meaning of the words used.

    **16. Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, officers, directors, shareholders, employees, agents, parent companies, subsidiaries, divisions, affiliates, related companies, successors and assigns.

4    

**17. Expenses.**   The parties shall pay their own expenses, including, without limitation, any attorney fees, mediation fees, court costs, pleading preparation, legal fees, or other expenses incurred in this matter and for the negotiation, preparation and execution of this Agreement.

**18. Captions.**   The captions to the various paragraphs of this Agreement are for convenience and reference only, and in no way define, limit, extend, or describe the scope of this settlement or any provisions hereof.

**19. Counterparts.**   This Agreement may be executed in identical counterparts, each of which shall constitute an original of this Agreement.

**20. Advice Concerning Attorney, Understanding and Voluntariness.**   Rojas represents and agrees that he has sought and received the advice of legal counsel prior to executing this Agreement and that he is voluntarily entering into this Agreement.

**21. Effective Date.**   This Agreement shall be effective as of the date the Agreement is approved by the Court.  To the extent Court approval is denied or to the extent the Court refuses to permit filing under seal, in camera review, or a similar means of non-public submission designed to maintain confidentiality of the terms of the Agreement, the Agreement will not go into effect, and the terms of the Agreement will be considered null and void.

_____   Date: 05/14/12 , 2012
Fredy Rojas


S E Independent Delivery Services, Inc.   Date: 5/15/12 , 2012

By: _____
JEFFREY C MARPLE
Printed Name

_____   Date: 5-15-12 , 2012
Charlie Tipping

5